# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-10845-RGK-AGR | Date | January 7, 2020 |
| Title | *Michelle Reyes v. CEC Entertainment, Inc., et al*. | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE |
|---|---|

| Sharon Williams (not present) | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS — COURT ORDER

    Before the Court is a Notice of Removal filed on December 23, 2019, by Defendant CEC Entertainment, Inc. ("Defendant"). Defendant asserts that this Court has subject matter jurisdiction on the basis of the Court's diversity jurisdiction under 28 U.S.C. § 1332.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The defendant also has the burden of showing that it has complied with the procedural requirements for removal." *Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260, 1264 (D. Or. 2001).

    Here, Defendant's Notice of Removal appears untimely. "[A] proper removal notice must be filed within 30 days of service of the plaintiff's complaint." *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998). "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." 28 U.S.C. § 1446(b). Failure to comply with the statutory time limit bars removal. *See, e.g., N. Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir. 1982). As with all other requirements for removal jurisdiction, the defendant bears the burden of proving the timeliness of its removal and "[s]everal courts have noted that the thirty-day time limit for petitioning for removal will be strictly construed against a defendant." *Roberson v. Orkin Exterminating Co.*, 770 F. Supp. 1324, 1328 (N.D. Ind. 1991) (citations omitted).

    Defendant alleges in the Notice of Removal that Plaintiff Michelle Reyes ("Plaintiff") filed her

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-10845-RGK-AGR | Date | January 7, 2020 |
|---|---|---|---|
| Title | *Michelle Reyes v. CEC Entertainment, Inc., et al*. | | |

action in state court on October 7, 2019. The Notice of Removal does not state when Plaintiff served Defendant with a copy of the Complaint, but it does state that Defendant filed its answer on December 3, 2019. Defendant does not allege that the Notice of Removal is timely.

The Court therefore concludes that Defendant has failed to allege sufficient facts to establish the timeliness of the filing of the Notice of Removal. The failure to allege facts necessary to establish the timeliness of the removal renders the removal procedurally defective. Defendant has failed to meet its burden of showing that it has complied with the procedural requirements for removal. *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).

For the foregoing reasons, the Notice of Removal is procedurally defective. See 28 U.S.C. § 1446(b)(1). Accordingly, this action is remanded to state court for failure to comply with the removal requirements of 28 U.S.C. § 1446. See 28 U.S.C. § 1447(c). The Court stays this order until January 10, 2020. If Plaintiff wishes to waive the procedural defect and, as a result, remain in federal court, she must file a Notice of Waiver of Procedural Defects no later than January 9, 2020. If Plaintiff does not file such a Notice, the Court will conclude that Plaintiff has not waived the procedural defect. After that date, the Court will remand this action to the Los Angeles Superior Court as a result of the procedural defect in the Notice of Removal.

IT IS SO ORDERED.